## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUINTEL BYRD** | : | |
| 5632 CHESTER AVENUE, APARTMENT 2, | : | |
| PHILADELPHIA, PA 19143 | : | No. |
| | : | |
| *PLAINTIFF* | : | |
| | : | |
| -VS.- | : | |
| | : | |
| **MATTHEW HENSON** | : | |
| 6193 OLD STATE ROUTE 224 | : | |
| OTTAWA, OH 45875 | : | |
| | : | |
| -AND- | : | |
| | : | |
| **FARM TRANSPORT, LLC** | : | |
| 1353 COLUMBUS SANDUSKY ROAD SOUTH | : | |
| MARION, OH 43302 | : | |
| | : | |
| *DEFENDANTS* | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Quintel Byrd, by and through his attorneys, Rodden Rodden & Breslin, brings this cause of action against the above-named Defendants, and in support thereof, states the following:

### I.  PARTIES

1.     Plaintiff, Quintel Byrd, is an adult individual who resides at the captioned above address and, at all times material hereto, was an individual involved in the motor vehicle collision hereinafter described.

2.     Defendant, Matthew Henson, is an adult individual who resides at the captioned above address and, at all times material hereto, was an individual involved in the motor vehicle collision hereinafter described.

3.     Defendant, Farm Transport, LLC is a business for profit which is registered as a

foreign corporation in the Commonwealth of Pennsylvania and has a principal place of business at the above captioned address.

4.      At all times relevant hereto, Defendant, Matthew Henson, was acting as an agent, employee, servant, workman, representative, and/or under the direction, of Defendant, Farm Transport, LLC.

## II.      JURISDICTION AND VENUE

5.      Jurisdiction in this matter is premised upon 28 USC Section 1332(a)(2) in that the parties are citizens of a different state and subjects of a foreign state and the amount in controversy exceeds the sum of $75,000.00.

6.      Venue is proper in this Court pursuant to 28 USC Section 1391 in that the events giving rise to this claim occurred in this district.

## III.      FACTUAL AVERMENTS

7.      At all times relevant hereto, Defendant, Matthew Henson, operated, possessed, controlled, and/or maintained a tractor trailer bearing Ohio registration number PWF7621, which was owned, rented, leased, and/or was otherwise under the control of, at the direction of, and entrusted to him by, Defendant, Farm Transport, LLC.

8.      At all times relevant hereto, Defendant, Matthew Henson, was operating the above-described tractor trailer for the business purposes of Defendant, Farm Transport, LLC.

9.      On or about December 8, 2023, at approximately 5:39 PM, Defendant, Matthew Henson, was operating above-described tractor trailer on the on-ramp of Westbound I-276 in Bensalem Township with such negligence, carelessness, and recklessness that, when at or near mile post 350.4, he suddenly and without warning, failed to yield the right of way to the vehicle ahead, failed to yield to oncoming traffic, failed to maintain an assured clear distance from vehicles

ahead, failed to yield to other vehicles upon the roadway, failed to pay attention to his surroundings, disregarded traffic signals and patterns, and, as a result, violently collided with a vehicle operated by Plaintiff, who was lawfully travelling upon the road.

10.     The aforesaid collision, resulting injuries, and damages were caused solely by the negligence, carelessness, and recklessness of Defendants, individually, jointly, and/or severally, and was in no manner caused by any act or failure to act on the part of Plaintiff.

11.     At all times material hereto, the aforesaid negligent conduct of Defendant, Matthew Henson, occurred within the scope of his employment with Defendant, Farm Transport, LLC and was done in furtherance of the business interests of Defendant, Farm Transport, LLC

12.     At all times material hereto, Defendant, Farm Transport, LLC, is vicariously liable for the negligent, reckless, and careless conduct of its agents, servants, workmen, employees, representatives, and/or independent contractors, including but not limited to, Defendant, Matthew Henson.

13.      At all times material hereto, Defendant, Farm Transport, LLC, did not road test and/or train Defendant, Matthew Henson, on the safe operation of a tractor trailer.

14.     At all times material hereto, Defendant, Farm Transport, LLC, placed an unqualified, untrained, and inexperienced driver behind the wheel, with a negligent and careless disregard for the safety of the public, including Plaintiff.

15.     Upon information and belief, Defendant, Matthew Henson, was involved in, and caused, more than one motor vehicle collision prior to this collision with Plaintiff.

16.     Upon information and belief, Defendant, Matthew Henson, had previously engaged in negligent, reckless, and/or careless conduct upon the road, including but not limited to, being involved in, and causing, more than one motor vehicle collision prior to the collision with Plaintiff.

17.    Upon information and belief, prior to the collision with Plaintiff, Defendant, Matthew Henson had engaged in dangerous, careless, and reckless driving, including but not limited to receiving multiple moving citations for reckless driving, careless driving, and driving at an excessive speed.

18.    Upon information and belief, Defendant, Farm Transport, LLC was made aware of the aforesaid prior conduct and failed to take any action against Defendant, Matthew Henson, and permitted and/or allowed him to continue driving upon the road at a great risk to others, like Plaintiff, in furtherance of its own business interests.

19.    Upon information and belief, Defendant, Farm Transport, LLC, knew or should have known of the aforesaid propensities of misconduct of Defendant, Matthew Henson, and, nevertheless, hired him and/or failed to train him, thereby exposing Plaintiff to danger.

20.    Upon information and belief, Defendant, Farm Transport, LLC, failed to terminate Defendant, Matthew Henson, after learning of the aforesaid dangerous tenancies.

21.    Upon information and belief, Defendant, Farm Transport, LLC, knew or should have known of a need to supervise Defendant, Matthew Henson, and failed to do so thereby exposing Plaintiff to danger.

22.    Solely as a result of the aforesaid negligence, carelessness, and recklessness of Defendants, Plaintiff has been rendered sick, sore, lame, and prostrate and has sustained multiple injuries to his head, nerves, face, neck, back, spine, left wrist, including but not limited to a tear of the left extensor carpi ulnaris tendon, a tear to the left triangular fibrocartilage complex, left carpal tunnel syndrome, all of which have, or will require, surgical intervention to repair.

23.    As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff has suffered internal injuries of an unknown nature, has

suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which is not yet known.

24.    As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff sustained an aggravation and/or exacerbation of injuries both known and unknown.

25.    As a direct and proximate result of the aforesaid negligence, recklessness, and/or carelessness of Defendants, Plaintiff has in the past and will in the future undergo severe pain and is unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

26.    As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has been compelled to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

27.    As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has been prevented from attending to his usual daily activities and duties and may be so prevented for an indefinite period of time in the future, all to their great detriment and loss.

28.    As a direct and proximate result of the negligence, recklessness, and/or carelessness of Defendants, Plaintiff has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

29.    As a direct and proximate result of negligence, recklessness, and carelessness of Defendants, Plaintiff has suffered loss of wages and future earning capacity.

**COUNT I**
**NEGLIGENCE**
**PLAINTIFF, QUINTEL BYRD V. DEFENDANT, MATTHEW HENSON**

30.     Plaintiff, Quintel Byrd, incorporates by reference hereto, all of the allegations contained in the above paragraphs as though same were set forth fully at length herein.

31.     The collision was caused solely by the negligence and carelessness of Defendants, including Defendant, Matthew Henson, and consisted of but was not necessarily limited to the following:

(a) Failing to keep a proper lookout;

(b) Failing to have said tractor trailer in proper and adequate control at all times;

(c) Operating said tractor trailer in a careless manner, without regard to the rights and safety of those lawfully upon the road;

(d) Failing to exercise due and proper care;

(e) Failing to make proper observations;

(f) Failing to yield to motorists lawfully upon the road;

(g) Failing to yield the right of way;

(h) Operating said motor vehicle while distracted;

(i) Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to continue proceeding;

(j) Operating the tractor trailer at a rate of speed that was too fast for conditions, that was dangerous and excessive under the circumstances;

(k) Violating the "assured clear distance ahead" rule;

(l) Failing to apply his brakes earlier to stop the tractor trailer to avoid the subject motor vehicle collision;

(m) Failing to remain continually alert while operating the tractor trailer;

(n) Failing to perceive the highly apparent danger to the monitoring public, specifically, including Plaintiff, which his actions and/or inactions posed;

(o) Operating the tractor trailer with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

(p) Failing to exercise and adhere to proper safe and defensive driving practices as set forth in his/her driver training and/or required by applicable state and/or Federal Motor Carrier Safety Regulations;

(q) Driving while above the hours of service allotted by applicable state and Federal Motor Carrier Regulations and/or otherwise fatigued;

(r) Failing to keep a log book;

(s) Operating an overweight commercial vehicle;

(t) Violating the commercial driver's license manual Section 2.4.1.0 Seeing Ahead;

(u) Driving while distracted;

(v) Driving while texting and/or otherwise using a hand-held device; and/or

(w) Failing to operate said commercial truck in a compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Motor Vehicle Code Sections 3303, 3309, 3310, 3361, and/or 3714.

32.     As a direct and proximate result of the aforesaid negligence of all Defendants, Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

33.     As a direct and proximate result of the aforesaid negligence of all Defendants, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Quintel Byrd, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, pre and post judgment interest, and any and all such other relief as this Honorable Court deems just and appropriate.

## COUNT II
### NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION AND ENTRUSTMENT
### PLAINTIFF, QUINTEL BYRD V. DEFENDANT, FARM TRANSPORT, LLC

34.     Plaintiff, Quintel Byrd, incorporates by reference hereto, all of the allegations

contained in the above paragraphs as though same were set forth fully at length herein.

35.    Defendant Farm Transport, LLC, as a matter of policy and practice fails to discipline, train or otherwise sanction its agents, servants, workmen, employees, and/or independent contractors in the appropriate practices, policies and procedures in the fair and safe operation of a motor vehicle in the Commonwealth of Pennsylvania.

36.    Defendant, Farm Transport, LLC, caused the aforementioned injuries and damages to the Plaintiff as described in this Civil Action Complaint in violation of Plaintiff's rights as follows:

(a) Failing to properly train, and/or establish proper training policies;

(b) Failing to exercise proper care and/or supervision over and/or establish proper monitoring and supervision policies for their agents, servants, employees, workmen, and/or independent contractors, including Defendant, Matthew Henson;

(c) Negligently hiring, training, supervising and or retaining Defendant's employees and/or agents;

(d) Failing to implement and/or enact policies and procedures against inattentive driving;

(e) Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to Plaintiff;

(f) Failing to enact policies and/or procedures to ensure that Plaintiff and other persons in situations similarly would not be injured;

(g) Ignoring and/or acting with the deliberate indifference to Plaintiff's health, safety and/or welfare;

(h) Failing to exercise reasonable care in the selection or training of its employees, including Defendant, Matthew Henson;

(i) Failing to implement and/or enact policies and procedures against distracted driving;

(j) Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(k) Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road;

(l) Failing to implement and/or enact policies and procedures against opening vehicle doors into the path of bicyclists.

(m)Hiring Defendant, Matthew Henson, when Defendant, Farm Transport, LLC, knew or should have known that he had a propensity for misconduct and exposed those upon the road, including Plaintiff, to danger;

(n) Hiring Defendant, Matthew Henson, when Defendant, Farm Transport, LLC, knew or should have known that he had been involved in and/or caused prior motor vehicle collisions;

(o) Failing to supervise Defendant, Matthew Henson, when Defendant Farm Transport, LLC, knew or should have known that it needed to supervise him thereby exposing Plaintiff to Defendant Ikeocha's behavior;

(p) Unreasonably setting and assigning Defendant, Matthew Henson, a route that was too tight/aggressive for him to perform without hurrying and/or rushing to complete said route;

(q) Filing to complete a driver employment application for Defendant, Matthew Henson, that met the requirements of local, state, and/or federal laws, regulations, and statutes;

(r) Failing to complete inquiries to past employers of Defendant, Matthew Henson, to verify employment and safety information as well as failed drug and alcohol testing;

(s) Failing to complete a driver road test, driver physical, Certificate of Violations, and Certificate of Qualifications;

(t) Allowing and/or directing Defendant, Matthew Henson, to operate the Subject Truck while he was fatigued; and

(u) Failing to warn the motoring public, including Plaintiff, that it knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to Defendant, Matthew Henson's, negligent and/or careless operation of the commercial truck.

37.    As a direct and proximate result of the aforesaid negligence of all Defendants, Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

38.     As a direct and proximate result of the aforesaid negligence of all Defendants, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Quintel Byrd, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, pre and post judgment interest, and any and all such other relief as this Honorable Court deems just and appropriate.

**COUNT III**
**RESPONDEAT SUPERIOR**
**PLAINTIFF, QUINTEL BYRD V. DEFENDANT, FARM TRANSPORT, LLC**

39.     Plaintiff, Quintel Byrd, incorporates by reference hereto, all of the allegations contained in the above paragraphs as though same were set forth fully at length herein.

40.     The negligence, carelessness, and/or recklessness on the part of Defendant, Matthew  Henson, detailed in Count I, above, occurred while Defendant, Matthew Henson, was acting at all relevant times within the course and scope of his/her agency and/or employment with Defendant, Farm Transport, LLC, and was the direct and proximate cause of the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

41.     As such, Defendant Farm Transport, LLC is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of Defendant, Matthew Henson, in causing the above-described motor vehicle collision and proximately resulting injuries and damages sustained by Plaintiff.

42.     As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff has suffered serious, severe, and permanent injuries to his body, as set forth previously herein.

43.     As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Quintel Byrd, demands judgment against all Defendants individually, jointly, and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with attorney fees, cost of suit, and any and all such other relief as this Honorable Court deems just and appropriate.

*RODDEN RODDEN & BRESLIN*

BY: _____

ANDREW J. VAN WAGNER, ESQUIRE
ATTORNEY FOR PLAINTIFF

DATE: OCTOBER 29, 2025

11

## **V E R I F I C A T I O N**

I, Quintel Byrd, hereby state that I am the plaintiff in the foregoing action, and that the attached Complaint is based on information which I have furnished to my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not mine. I have read the Complaint and to the extent that the information therein is based upon information I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

DATE: October 29, 2025

_____
Quintel Byrd